IN MATTER OF DISCIPLINARY PROCEEDINGS AGAINST CONWAY, Attorney at Law.†

*No. 75–748–D. Submitted October 5, 1977.—Decided October 18, 1977.*
(Also reported in 258 N. W. 2d 717.)

---

† Motion for rehearing denied, without costs, on January 3, 1978.

*James T. Conway,* Janesville, pro per.

*Robert H. Bichler,* Racine, for Board of State Bar Commissioners.

*PER CURIAM.* James T. Conway was admitted to practice in this state on June 21, 1957. The Board of State Bar Commissioners on April 7, 1976, filed a complaint against Conway alleging that he was guilty of neglectful and unprofessional conduct in the handling of five separate estates.

After the complaint was filed, Conway did not answer the complaint but filed several motions to dismiss, all of which were denied by this Court. On July 12, 1976, this Court ordered that a default judgment be entered against Conway unless he filed a responsive pleading by July 26, 1976. This prompted another motion to dismiss by Conway.

On August 3, 1976, this Court issued an order for Conway to show cause at a hearing on September 8, 1976 (subsequently rescheduled for September 7, 1976) why default judgment should not be entered against him. After this hearing, at which Conway appeared and objected to the jurisdiction of this Court, an order was issued on September 8, 1976, directing Conway to answer the complaint within twenty days or the Court would proceed by default. Conway filed a document entitled "Special Appearance, Special Answer, Answer, and Affirmative Defense" on October 11, 1976, and Francis H. Wendt was then appointed referee.

Following proceedings before the referee during which Conway appeared but did not participate, the referee filed a report in which he found that Conway was guilty of unethical and unprofessional conduct in violation of DR 6–101 and DR 9–102(B)(1)(4) of the Code of Professional Responsibility, was unprofessional and uncooperative in the proceedings, and showed no desire to re-

habilitate himself. The referee concluded that Conway's license to practice law be revoked for an indefinite period and that Conway be required to pay the expense of the disciplinary proceeding.

The Board of State Bar Commissioners filed a motion that the report and recommendations of the referee be approved and that judgment be entered thereon. Conway filed a motion to dismiss the proceedings and filed with it a memorandum raising a number of objections to the form of various pleadings and orders issued in this proceeding. On May 23, 1977, a brief on the merits was filed by the Board, but no brief on the merits has been filed by Conway. The Board on August 3, 1977, moved this Court to decide the case without receiving a brief from Conway. On September 7, 1977, this Court issued an order denying Conway's motion to dismiss and granting the Board's motion to decide the matter on the merits without a brief from Conway unless within thirty days of the date of the order Conway filed a brief on the merits. Conway has not filed a brief but has submitted a letter in which he states that any further briefs would be superfluous and redundant. In view of this response to our September 7 order, we will act on the report and recommendations of the referee without a brief on behalf of Conway.

The unprofessional conduct found by the referee consisted of the failure by Conway to act properly and in a timely manner in serving as attorney for the personal representative in five separate estates. In four of the estates, Blanchard, Lemmons, Farnum, and Butler, Conway was removed by the probate court as attorney for the personal representative. In the Burandt estate, the personal representative retained new counsel after Conway failed to close the estate. In the Blanchard estate, the personal representative testified that the delay in closing cost the estate approximately $15,000. Conway

has made no denial of the substance of the allegations against him.

On the basis of the record before us, we have no alternative but to accept the recommendation of the referee. The combination of Conway's unprofessional conduct in handling the five estates referred to above, plus his conduct during these proceedings both in this Court and before the referee, clearly support the conclusion that Conway's license to practice law should be revoked for the protection of the public. *State v. McNamara*, 68 Wis.2d 701, 229 N.W.2d 698 (1975).

IT IS ORDERED AND ADJUDGED that the license of James T. Conway to practice law in this state be and is hereby revoked and annulled for due cause and his name removed from the roll of lawyers of this Court; that the State Bar of Wisconsin notify the courts of record of this state of this order by sending each a copy thereof; that he notify his clients now represented by him in all matters involving the practice of law, or all matters pending in any court of this state, that his license to practice law in this state has been revoked.

IT IS FURTHER ORDERED AND ADJUDGED that James T. Conway pay the costs and expenses of these proceedings not exceeding $1,000.

ABRAHAMSON, J., took no part.