IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James T. CONWAY, Attorney at Law.

Supreme Court

*No. 91-0981-D.  Submitted on briefs March 31, 1993.—Decided April 26, 1993.*

(Also reported in 498 N.W.2d 393.)

For James T. Conway there were briefs by *James T. Conway*, Janesville.

For the Board of Attorneys Professional Responsibility there was a brief by *Gregg Herman*, Milwaukee.

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license revoked.*

Attorney James T. Conway appealed the referee's findings of fact and conclusions that he engaged in professional misconduct and her recommendation that Attorney Conway's license to practice law in Wisconsin be revoked as discipline for that misconduct. The misconduct included Attorney Conway's having made false or reckless statements concerning the integrity of a cir-

cuit judge, failing to provide competent representation to a client in an action before that judge and in a subsequent appeal, practicing law while his license was suspended and failing to cooperate with the Board of Attorneys Professional Responsibility in its investigation of several grievances complaining of his conduct in this matter.

We determine that the recommended license revocation is appropriate discipline to impose for Attorney Conway's misconduct. This is not the first occasion the court has had to discipline him for similar misconduct. Here, Attorney Conway again has shown that he is unfit to be licensed to represent others in the legal system.

Attorney Conway was licensed to practice law in Wisconsin in 1957 and practiced in Janesville. The court revoked his license in 1977 as discipline for failure to act properly and timely as attorney for the personal representative in five estates and his unprofessional and uncooperative conduct in the disciplinary proceeding in which that professional misconduct was considered. *Disciplinary Proceedings Against Conway*, 80 Wis. 2d 268, 258 N.W.2d 717. After the court reinstated his license in 1989, he was suspended from the practice of law in June, 1992 for failure to comply with continuing legal education requirements. In the course of this proceeding, the court suspended his license to practice law temporarily in response to the referee's report in which it was noted that Attorney Conway had told staff of the State Bar of Wisconsin that he intended to continue practicing law even though he had not paid the assessments imposed by court rule for the operation of its two attorney boards. The referee also noted in that report Attorney Conway's refusal to participate in the Board's investigation and his demonstrated disregard for the court's authority to regulate attorney conduct.

Following a disciplinary hearing, the referee, Attorney Linda S. Balisle, made the following findings of fact. In May, 1989, Attorney Conway undertook the representation of a woman in a paternity case involving custody, physical placement and support of a child. The proceeding was assigned to the Honorable John H. Lussow, circuit judge for Rock county, and Attorney Tod Daniel was appointed guardian ad litem for the child. During his representation in that proceeding, Attorney Conway did the following:

— He wrote a letter to Attorney Daniel stating that the guardian ad litem "seem[ed] to have the judge in [his] hip pocket" and said that the guardian and the judge should "quit [their] vendetta" against his client.

— He filed an affidavit alleging that it was the court's intent to "nail" his client.

— He filed a petition for supervisory writ in the Court of Appeals, alleging that the circuit court "showed nothing but incompetency," "wasn't the least bit interested in the child," "was proceeding with its vendetta against the mother," "had lost control of not only the court but of itself personally," and that the judge was "out for revenge against the mother and he was going to get it at any price."

— He filed a notice of appeal in which he compared the Rock county court system to "Nazi Germany revisited," referred to the court's findings of fact as "a ruse used by this court to conceal its incompetency," cited portions of the court's findings as "indicat[ing] the extent to which this incompetent court will go to cover its incompetence" and referred to the trial court's "vendetta" against his client and

835

to a "continuing conspiracy" by the court to take the child from her.

— He filed a brief in the Court of Appeals in which he stated that the court "has reduced this mother to a prostitute subject to the pimpous acts of the trial court," that the court was not interested in the child but "just interested in punishing the mother," that the judge "was not using a full deck when he was playing this game with the mother," that "the GAL, and the court have now conspired to put it to this mother and take the child away from her at any and all costs to her," that the trial court "reaches the pinnacle of stupidity and egotistical incompetence," that the court "has sold this child to the highest bidder" and that it was "doing nothing but crucifying this mother and trying to break her mentally." In an order issued in that appeal, the Court of Appeals found those statements in the brief scurrilous and disrespectful of the circuit court.

In July, 1990, the paternity action was transferred to Dane county and assigned to the Honorable Gerald Nichol. During an August 3, 1990 telephone conference with the judge and other counsel, Attorney Conway used profanity and abruptly terminated the conference call by hanging up before Judge Nichol had completed the conference. The referee found that behavior disrespectful to the court.

In the course of representing his client in the paternity action, Attorney Conway sought a supervisory writ from the Court of Appeals asking that it return the child to the mother and appoint a committee to investigate the case. As the referee noted, the Court of Appeals has no authority to appoint an investigative committee or to order a change of custody by supervisory writ.

Attorney Conway also filed an appeal of the circuit court's decision and submitted a 76-page docketing statement that did not assert a proper basis for the appellate court's jurisdiction. The Court of Appeals ordered the parties to submit memoranda regarding the issue of jurisdiction, noting that if the orders appealed from were final, the time for appeal had passed and if the orders were nonfinal, they were not appealable as of right. In his response, Attorney Conway stated his belief "that a person should have the right to appeal any order of the lower court and that there can be no set rules as to when the appeal of a particular order should be taken."

The Court of Appeals found that the 159-page brief Attorney Conway subsequently submitted was in violation of the 50-page limit and otherwise did not conform to the brief specifications set forth in the appellate rules, did not contain an appendix and, while purporting to set forth at least 41 issues, cited only four cases. Even though his client prevailed in the appeal, the Court of Appeals assessed costs against Attorney Conway personally, having concluded that he filed "a scurrilous and totally inappropriate brief."

On October 31, 1990, Attorney Conway was prohibited from practicing law for having failed to pay the assessments for the Supreme Court's attorney boards. He then wrote to the State Bar that he refused to pay "any dues to the State of Wisconsin bar association" and that he "expect[ed] to continue to practice law and to appear before the courts without paying the above fee." In a subsequent conversation, he told State Bar staff he knew he was practicing law without a license, did not care and would continue to practice law. While his suspension remained in effect, Attorney Conway filed a brief in the Court of Appeals on his client's behalf in the paternity proceeding.

When Judge Lussow brought Attorney Conway's conduct to the attention of the Board, the Board sent him a copy of the judge's letter and requested a written response within 20 days. Attorney Conway responded that he would not answer the judge's grievance, as the paternity action was pending before that judge, and the Board told him he was required to respond regardless of the status of the litigation. When Attorney Conway again requested the matter held in abeyance until completion of the paternity action, the Board insisted he make a response and, if he chose, submit reasons for believing that providing the judge a copy of his response might prejudice his client's position in the action. Attorney Conway refused to respond.

During the conduct of the hearing in this proceeding, Attorney Conway exhibited disrespect to the court: he yelled, interrupted the referee, pounded the table and twice walked out of the hearing.

On the basis of those facts, the referee concluded that Attorney Conway violated SCR 20:8.2(a)[1] by making false and reckless statements concerning the integrity of a judge, that his statements concerning the judge violated the provision of the Attorney's Oath requiring attorneys to "maintain the respect due to courts of justice and judicial officers," thus violating SCR 20:8.4,[2]

---

[1] SCR 20:8.2 provides:

**Judicial and legal officials**
    (a)   A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

[2] SCR 20:8.4 provides:

**Misconduct**
    It is professional misconduct for a lawyer to:

that he failed to cooperate with the Board in its investigation of his conduct in this matter, in violation of SCR 22.07(2)[3] and 21.03(4),[4] that he failed to provide competent representation to his client in the paternity proceeding in violation of SCR 20:1.1,[5] and that he engaged in the practice of law while prohibited from doing so, in violation of SCR 22.26(2)[6] and 20:5.5(a).[7]

---

. . .
   (g)   violate the attorney's oath.

[3] SCR 22.07 provides:

**Investigation.**

. . .
   (2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[4] SCR 21.03 provides:

**General principles.**

. . .
   (4)   Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 20:1.1 provides:

**Competence**
   A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[6] SCR 22.26 provides:

**Activities on revocation or suspension of license.**

. . .

839

As discipline for that misconduct, the referee recommended that Attorney Conway's license to practice law be revoked. The referee noted that Attorney Conway's conduct was unprofessional and that he showed no desire to rehabilitate himself and was adamant in his belief that he has the right to say and do whatever he wishes if he believes a judge has erred. The referee characterized Attorney Conway's conduct before the two circuit judges and in the Court of Appeals as "extreme, at times bizarre and unprofessional." The referee also noted his disregard for this court's authority to regulate attorney conduct.

In this appeal, Attorney Conway raised two procedural issues, claiming that the resolution of each requires dismissal of this proceeding. First, he contended that the referee erred in holding the disciplinary hearing in Dane county rather than in Rock county, where he maintained his principal office. He contended that by so doing, the referee violated SCR 22.15, which requires the hearing to be held in the county of the attorney's principal office, except that "the referee, for cause, may change the location." Attorney Conway took the position that, as the referee never set forth any cause for changing the location of the hearing to Dane county, the violation of the rule requires dismissal of the disciplinary proceeding. Attorney Conway further contended that holding the

---

(2) A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

[7] SCR 20:5.5 provides:

**Unauthorized practice of law**
A lawyer shall not:
(a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction . . ..

hearing in Dane county caused him not to subpoena any witnesses to testify because he would have been required to pay their mileage expense and they would have been seriously inconvenienced by having to travel to Madison to testify.

As the Board correctly pointed out its brief, the referee was not required to state on the record the cause she found for holding the disciplinary hearing in Madison. The referee, counsel for the Board and several of the witnesses scheduled to testify at the hearing resided in Dane county, as did the majority of the witnesses Attorney Conway originally had listed but never called. Thus, there was good reason to hold the hearing in Dane county in order to limit the costs incurred by the Board in this proceeding and to avoid inconvenience to the witnesses who testified.

The second procedural issue Attorney Conway raised is the referee's failure to file a report within 30 days of the conclusion of the disciplinary hearing, as required by SCR 21.09(5).[8] He did not assert any harm he suffered as a result of the referee's filing of the report six months after the conclusion of the hearing; he merely contended that the referee's violation of the rule was flagrant and, as a consequence, the court lost jurisdiction in the matter.

---

[8] SCR 21.09 provides:

**Procedure.**

. . .

(5)   The referee shall, within 30 days of the conclusion of the hearing, file with the clerk of the supreme court a report stating his or her findings and disposition of the complaint or petition by recommendation of dismissal or imposition of discipline as provided in SCR 21.06 or suspension or conditions upon the continued practice of law for medical incapacity . . ..

841

■ Attorney Conway's argument is meritless. Pursuant to SCR 22.23(1), time limitations in the rules governing attorney disciplinary proceedings are "directory and not jurisdictional except as it otherwise provided in the rules." There is nothing in those rules providing that the time for the referee to file a report with the court is jurisdictional.

Finally, Attorney Conway argued that, because of the referee's violations of the procedural rules, he may not be assessed the costs of this proceeding, particularly the referee's fees. He also objected to the costs of the Board counsel and the costs of transcript preparation and copying and asked to be awarded costs, attorney fees and punitive damages. Those objections and request are groundless and we reject them.

■ We adopt the referee's findings of fact and conclusions of law concerning Attorney Conway's professional misconduct considered in this proceeding. Attorney Conway's attempt to avoid the consequences of that misconduct by asserting procedural irregularities as grounds for dismissal of this proceeding further demonstrate his unfitness to be licensed to practice law.

IT IS ORDERED that the license of James T. Conway to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order James T. Conway pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that James T. Conway comply with the provisions of SCR 22.26 concerning the

duties of a person whose license to practice law in Wisconsin has been revoked.